UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

DAESHUNN WHITFIELD,
     a/k/a "Redman,"

ASSANTI CRAIG,
     a/k/a "Jaxx,"

JUSTUS WALKER,

    a/k/a "Jay Walk," and

EDWARD HALEY,
     a/k/a "Stormo,"
     a/k/a "Stormy,"
     a/k/a "Stormo Gramss,"

         Defendants.                       **INDICTMENT**
_____/

The Grand Jury charges:

## COUNT 1
(Straw Purchase of a Firearm)

Between on or about September 13, 2025, through on or about September 20, 2025,

in Berrien County, in the Southern Division of the Western District of Michigan,

DAESHUNN WHITFIELD,
a/k/a "Redman," and

ASSANTI CRAIG,
a/k/a "Jaxx,"

knowingly purchased a firearm, and aided and abetted the same, specifically, a Glock

19X 9mm pistol, in and otherwise affecting interstate commerce for, on behalf of, and at

the request or demand of ASSANTI CRAIG, knowing and having reasonable cause to believe that ASSANTI CRAIG had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

18 U.S.C. § 932(b)(1), (c)
18 U.S.C. § 922(d)(1)
18 U.S.C. § 2

## COUNT 2
(False Statement During the Purchase of a Firearm)

Between on or about September 13, 2025 and on or about September 20, 2025, in

Berrien County, in the Southern Division of the Western District of Michigan,

DAESHUNN WHITFIELD,
a/k/a "Redman,"

in connection with the acquisition of a firearm, specifically, a Glock 19X 9mm pistol, from

a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States

Code, knowingly made a false and fictitious written statement to the licensed dealer,

which statement was intended and likely to deceive the dealer as to a fact material to the

lawfulness of such sale of the firearm to DAESHUNN WHITFIELD under Chapter 44 of

Title 18, in that DAESHUNN WHITFIELD falsely represented he was the actual

transferee/buyer of the firearm listed on an ATF Form 4473.

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(2)

## COUNT 3
(Felon in Possession of a Firearm)

On or about February 10, 2026, in Berrien County, in the Southern Division of the

Western District of Michigan,

JUSTUS WALKER,
a/k/a "Jay Walk,"

knowing that he previously had been convicted of a crime punishable by imprisonment

for a term exceeding one year, knowingly possessed a firearm, specifically, a Glock 19X

9mm pistol, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(8)

## COUNT 4
(False Statement in a Matter within the Jurisdiction of the United States)

On or about April 9, 2026, in Berrien County, in the Southern Division of the Western District of Michigan,

DAESHUNN WHITFIELD,
a/k/a "Redman,"

willfully and knowingly made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States by stating, in an interview with a special agent of the Federal Bureau of Investigation,

> that he had not communicated with anyone, by phone or text message, concerning a Glock Model 19X, prior to being contacted by law enforcement about this firearm,

> that he had not coordinated what to say to law enforcement about this firearm,

> that he had never purchased a firearm for another person, and

> that he did not know Edward Haley and had never seen him before.

These statements and representations were false because, as DAESHUNN WHITFIELD then and there knew,

> he had communicated with Z.T. concerning a Glock Model 19X prior to being contacted by law enforcement about this firearm,

> he had coordinated with Z.T. what to say to law enforcement about this firearm,

> he had previously purchased a firearm for at least one other person, and

> he did know Edward Haley and had seen him before.

18 U.S.C. § 1001(a)(2).

## COUNT 5
(Straw Purchase of a Firearm)

On or about November 13, 2025, in Berrien County, in the Southern Division of

the Western District of Michigan, the defendants,

DAESHUNN WHITFIELD,
a/k/a "Redman," and

EDWARD HALEY,
a/k/a "Stormo,"
a/k/a "Stormy,"
a/k/a "Stormo Gramss"

knowingly purchased a firearm, and aided and abetted the same, specifically, a Glock 17

9mm pistol, in and otherwise affecting interstate commerce for, on behalf of, and at the

request or demand of EDWARD HALEY, knowing and having reasonable cause to

believe that EDWARD HALEY was then under indictment for a crime punishable by

imprisonment for a term exceeding one year.

18 U.S.C. § 932(b)(1), (c)
18 U.S.C. § 922(d)(1)
18 U.S.C. § 2

## COUNT 6
(False Statement During the Purchase of a Firearm)

On or about November 13, 2025, in Berrien County, in the Southern Division of the Western District of Michigan,

DAESHUNN WHITFIELD,
a/k/a "Redman,"

in connection with the acquisition of a firearm, specifically, a Glock 17 9mm pistol, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale of the firearm to DAESHUNN WHITFIELD under chapter 44 of Title 18, in that DAESHUNN WHITFIELD falsely represented he was the actual transferee/buyer of the firearm listed on an ATF Form 4473.

18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(2)

## COUNT 7
(Felon in Possession of Ammunition)

On or about April 9, 2026, in Berrien County, in the Southern Division of the

Western District of Michigan,

EDWARD HALEY,
a/k/a "Stormo,"
a/k/a "Stormy,"
a/k/a "Stormo Gramss,"

knowing that he previously had been convicted of a crime punishable by imprisonment

for a term exceeding one year, knowingly possessed ammunition, specifically, .40 caliber

ammunition with a head stamp of G.F.L and 9mm ammunition with a head stamp of

WIN 9mm LUGER, and the ammunition was in and affecting interstate commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(8)

## FORFEITURE ALLEGATION
(Counts 1 and 2)

The allegations contained this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of a violation of 18 U.S.C. §§ 922(a)(6) and/or (g) and 932(b)(1) and (c), set forth in Counts 1 and 2 of this Indictment,

DAESHUNN WHITFIELD,
a/k/a "Redman,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the offense, including, but not limited to, the following property: one Glock 19X 9mm pistol.

18 U.S.C. § 924(d)(1)
18 U.S.C. § 922(a)(6) and (g)(1)
28 U.S.C. § 2461(c)

**FORFEITURE ALLEGATION**
(Count 1)

The allegations contained this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of a violation of 18 U.S.C. § 932(b)(1) and (c), set forth in Count 1 of this Indictment,

ASSANTI CRAIG,
a/k/a "Jaxx,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the offense, including, but not limited to, the following property: one Glock 19X 9mm pistol.

18 U.S.C. § 924(d)(1)
18 U.S.C. § 922(a)(6) and (g)(1)
28 U.S.C. § 2461(c)

**FORFEITURE ALLEGATION**
(Count 3)

The allegations contained this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of a violation of 18 U.S.C. § 922(g)(1) set forth in Count 3 of this Indictment,

JUSTUS WALKER,
a/k/a "Jay Walk,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the offense, including, but not limited to, the following property: one Glock 19X 9mm pistol.

18 U.S.C. § 924(d)(1)
18 U.S.C. § 922(a)(6) and (g)(1)
28 U.S.C. § 2461(c)

**FORFEITURE ALLEGATION**
(Counts 5 and 7)

The allegations contained this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of a violation of 18 U.S.C. § 932(b)(1) and (c) and/or § 922(g)(1), set forth in Counts 5, and/or 7 of this Indictment,

EDWARD HALEY,
a/k/a "Stormo,"
a/k/a "Stormy,"
a/k/a "Stormo Gramss"

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the offense, including, but not limited to, the following property: approximately thirteen rounds of .40 caliber ammunition with a head stamp of G.F.L, and one round of 9mm ammunition with a head stamp of WIN 9mm LUGER.

18 U.S.C. § 924(d)(1)
18 U.S.C. § 922(a)(6) and (g)(1)
28 U.S.C. § 2461(c)

A TRUE BILL

[ /s/ Redacted ]

TIMOTHY VERHEY

United States Attorney

GRAND JURY FOREPERSON

_____

AUSTIN J. HAKES
Assistant United States Attorney